## Pittsburg *versus* Shaffer.

By an Act of Assembly the councils of Pittsburg were authorized to cause grading, &c., of any street, the expense to be paid by the owners of property bounding on the streets in proportion to their front.   The councils authorized the owners of property on D. street, between C. and P. avenues, to fill that street to an uniform grade under direction of the city regulator, without cost to the city.   The defendant filled up D. street opposite his property in accordance with the grade furnished by the regulator and paid the whole expense.   Councils afterwards ordained the grading of D. street, between C. and P. avenues, under the Act of 1864, and repealed all ordinances affecting this ordinance.   The city officers caused the remainder of D. street to be filled and graded to correspond with the defendant's grading. *Held*, that the grading by defendant was in accordance with Act of 1864, and he was not liable for the grading done by the city under their last ordinance.

November 8th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 195, to October and November Term 1870.

This was a scire facias on a municipal claim in which the City of Pittsburg was plaintiff and John S. Shaffer defendant.

On the 8th of October 1870, the following case was stated:—

"The defendant, John S. Shaffer, is the owner of property situate on the corner of Centre avenue and Dinwiddie street, in the city of Pittsburg, as described in the lien filed.

"On April 30th 1866, a resolution was passed by the councils of Pittsburg as follows:—

"'That the owners of property on Dinwiddie street be and they are hereby authorized and empowered to fill up said street from Centre avenue to Pennsylvania avenue to a uniform grade, provided that said filling up shall be done in such manner as not to interfere with travel along and over said street, and provided that the watercourses over and along the same shall not be disturbed, and such filling up shall be done subject to the direction and control of the city regulator, and without any cost to the city.'

"The defendant procured from the city regulator the grade of Dinwiddie street, and after the passage of said resolution, and under the authority thereby granted, proceeded to fill the street in front of his property, and made the same to the uniform city grade at his own expense, and without cost to the city.

"On August 31st 1868, the council passed an ordinance for the partial grading of said street, as follows:—

"'That the city engineer be authorized and directed to advertise for proposals for the partial grading of Dinwiddie street, from Centre avenue to Pennsylvania avenue, and to let the same in the manner directed by an ordinance concerning streets, passed August 31st 1857, also an act concerning streets, approved January 6th 1864.

"'Any ordinance or part of ordinance, conflicting with the passage of this ordinance at the present time, be and the same is hereby repealed, so far as the same affects this ordinance.'

"A contract was entered into by the city officers for the grading of said street, as required by the ordinance, and the work was completed on or about February 28th 1869, the portion of Dinwiddie street between Rose street and Pennsylvania avenue being filled or graded to a level with that part of Dinwiddie street between Rose street and Centre avenue, which was graded by the defendant. Thereupon an assessment was made of the entire cost of said work, upon all the property fronting on Dinwiddie street, from Centre avenue to Pennsylvania avenue, in proportion to the feet front, including the sum of $525.92 upon the aforesaid property of the defendant, which was the proportionate amount of

[Pittsburg *v.* Shaffer.]

the cost of the whole work done, assessing it upon all the property fronting on the whole length of Dinwiddie street. The amount assessed against the defendant's property hereinbefore mentioned not being paid, the lien in this case was filed, and is to be taken as part of this case stated. No part of the work for the cost of which this lien was filed, was done on any portion of Dinwiddie street, on which the defendant's property bounds or abuts.

"The defendant paid the amount assessed against his othe property lying in Dinwiddie street below Rose street," &c.

"If the court should be of opinion that on the above-stated facts the plaintiff is entitled to recover, then judgment to be entered in favor of the plaintiff for $525.92, with interest from February 28th 1869, and five per cent. attorney's commission. Otherwise judgment to be entered in favor of the defendant."

The material parts of the Act of January 6th 1864, will be found in the preceding case, Pittsburg *v.* Cluley.

On the 8th day of October 1870, judgment was entered in favor of the defendant in the case stated.

The plaintiff removed the case to the Supreme Court, and assigned the entry of the judgment for error.

*J. F. Slagle,* for plaintiff in error, referred to the Act of 1864; O'Connor *v.* Pittsburg, 6 Harris 187.

*E. P. Jones* and *D. T. Watson,* for defendant in error, referred to the same act.

The opinion of the court was delivered, January 3d 1871, by

READ, J.—By the 6th section of an act concerning streets and sewers in the city of Pittsburg, passed 6th January 1864 (Pamph. L. 1133), the councils of Pittsburg were authorized to cause to be graded any public street or any parts thereof, the expense to be paid by the owners of property abutting on it, according to the foot front of such properties.

The defendant was the owner of property on Dinwiddie street, extending from Centre avenue to Rose street.

On the 30th April 1866 a resolution was passed by the Select and Common Councils of the city of Pittsburg as follows:—

"Resolved, That the owners of property on Dinwiddie street be and they are hereby authorized and empowered to fill up said street, from Centre avenue to Pennsylvania avenue, to *a uniform grade,* provided that said filling up shall be done in such manner as not to interfere with travel along and over said street, and provided that the watercourses over and along the same shall not be disturbed; and such filling up shall be done subject *to the direction and control of the city regulator, and without any cost to the city."*

[Pittsburg *v.* Shaffer.]

The defendant procured from the city regulator the grade of Dinwiddie street, and after the passage of said resolution, and under the authority thereby granted, proceeded to fill up the street in front of his property, and made the same to the uniform city grade, at his own expense and without cost to the city. It is clear then that the councils caused to be graded that portion of Dinwiddie street lying between Centre avenue and Rose street, the cost being paid by the person liable by law to pay for the grade. This portion of the street was brought up to the uniform city grade, and required no further action of the city authorities.

If all the grading in the city of Pittsburg could be done on the same terms it would be a great blessing to the community, although it might diminish the emoluments of some of the city officers. Some time after this portion of Dinwiddie street between Centre avenue and Rose street had been graded under the authority of the city councils, on the 31st August 1868 councils passed an ordinance "That the city engineer be and he is hereby authorized and directed to advertise for proposals for the partial grading of Dinwiddie street from Centre avenue to Pennsylvania avenue, and to let the same in the manner directed by an ordinance concerning streets, passed August 31st 1857; also an act concerning streets, approved January 6th 1864."

It is clear that this ordinance could have no legal application to that portion between Centre avenue and Rose street, which the councils had already caused to be graded, and which grading had been legally paid for. If, under the resolution of 1866, all the owners of property had graded the whole of Dinwiddie street from Centre avenue to Pennsylvania avenue, the ordinance of August 1868 would have been entirely inoperative, and no assessment could have been made on the owners of property bounding or abutting on the said portion of the said street.

All proposals therefore for grading Dinwiddie street between Centre avenue and Rose street, and all letting of the same were without authority of law, and of course all assessments for the same, and the municipal claim filed in this case, fall to the ground.

Judgment affirmed.